UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ST. LOUIS HEART CENTER INC., individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) No. 4:15-CV-1826 JAR ) |
| v. | ) ) |
| ALLERGEN, INC., et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff St. Louis Heart Center, Inc. ("Plaintiff") brings this putative class action against Defendant Warner Chilcott Corporation and John Does 1-10 ("Defendants")[1] for alleged violations of the Telephone Consumer Protection Act ("TCPA"), also known as the "Junk Fax Act," 47 U.S.C. § 227, and for conversion. The action was originally filed in the Twenty-First Judicial Circuit Court of St. Louis County, Missouri and timely removed to this Court on December 10, 2015. (Doc. No. 1) Plaintiff alleges that on or about January 21, 2013 and February 14, 2013, Defendants sent two unsolicited facsimiles advertising the commercial availability of property, goods or services to Plaintiff as part of a plan to broadcast fax advertisements. (Class Action Petition, Doc. No. 7 at ¶¶ 14-16) Plaintiff seeks damages and injunctive relief as well as a declaration that Defendants' actions violate the TCPA.

---

[1] On February 17, 2016, the Court dismissed Defendants Allergan, Inc. and Actavis, Inc. without prejudice pursuant to Fed. R. Civ. P. 41(a)(1). (Doc. No. 24)

Plaintiff filed a motion for class certification with its state court complaint seeking to certify the following class:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent by or on behalf of Defendants any telephone facsimile transmissions of material making known the commercial existence of, or making qualitative statements regarding any property, goods, or services (3) with respect to whom Defendants cannot provide evidence of prior express permission or invitation for the sending of such faxes, (4) with whom Defendants does not have an established business relationship or (5) which were sent an advertisement by fax which did not display a proper opt out notice.

Plaintiff explains it filed the motion early "to avoid any attempt by Defendants to " 'pick off' Plaintiff through an offer of judgment or individual settlement offer." (Doc. No. 9 at 1-3) (citing cases). No response to the motion having been filed, the Court will rule on Plaintiff's unopposed motion.

In March v. Medicredit, No. 4:13-CV-1210-TIA, 2013 WL 6265070 (E.D. Mo. Dec. 4, 2013), this Court advised that "in future cases, putative class actions plaintiffs would be wise to immediately file [motions for class certification] to protect the class from similar motions to dismiss based on offers of judgment," but also stated that defendants "should not be able to use offers of judgment [under Federal Rule of Civil Procedure 68] to thwart class actions." 2013 WL 6265070, at *3. Thus, the March court struck the defendant's offer of judgment and denied defendant's motion to dismiss. Id. at *4. Numerous courts in this District have opted to deny these early motions to certify without prejudice to refiling at the appropriate time rather than permit the motions to pend indefinitely. See e.g., Prater v. Medicredit, Inc., 301 F.R.D. 398, 401 (E.D. Mo. 2014); Max Margulis v. Eagle Health Advisors, LLC, No. 4:15-CV-1248-JAR, ECF No. 25 (Mar. 31, 2016); Physicians Healthsource Inc. v. Express Scripts Services Co., No. 4:15-CV-664-JAR, ECF No. 36 (Mar. 30, 2016); Marilyn Margulis v. Generation Life Ins. Co., et al., No. 4:14-CV-1462-SNLJ, ECF No. 41 (Aug. 18, 2015); Douglas Phillip Brust, D.C., P.C. v.

Orthopedic Pharmaceuticals, Inc, et al., No. 4:14-CV-01170-AGF, ECF No. 24 (Oct. 21, 2014). Likewise, this Court will deny Plaintiff's motion at this time. Any offer of judgment made only to the named Plaintiff before the Court rules on a motion for class certification filed in accordance with a case management order will be stricken. See Prater v. Medicredit, Inc., 301 F.R.D. 398, 401 (E.D. Mo. 2014); Johnson v. U.S. Bank Nat'l Ass'n, 276 F.R.D. 330, 334 (D. Minn. 2011).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Class Certification [8] is **DENIED** without prejudice.

Dated this 4th day of April, 2016.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**